LISA F. GRANT, Plaintiff-Appellee, v. BOARD OF REVIEW OF THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—89—1754

Opinion filed June 28, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William H. London, Assistant Attorney General, of Chicago, of counsel), for appellants.

No brief filed for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Lisa F. Grant, filed a *pro se* complaint for administrative review (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) seeking to reverse a decision by the Board of Review of the Illinois Department of Employment Security (hereinafter Board) that she was ineligible to receive unemployment benefits. The circuit court of Cook County reversed the Board's decision, and the Board has appealed contending that it properly determined that the plaintiff was ineligible for benefits under sections 601(A) and 500(C) of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, pars. 431(A), 420(C)). The Board contends that the plaintiff left work voluntarily without good cause attributable to the employing unit by remaining home to care for her newborn baby following her maternity leave. The Board contends further that she subsequently failed to conduct an active search for work by making only six job contacts by telephone or resume over a two-week period. The plaintiff has failed to file a brief on appeal, and we therefore consider this matter pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33, 345 N.E.2d 493.

The October 11, 1988, administrative hearing was conducted by referee Roy Olson. The plaintiff appeared *pro se*, and her employer, WTTW-TV, appeared through Fred Flaxman. The plaintiff worked as an executive producer producing children's programs, performing arts programs, cultural programs and live-event television. Toward the end of her pregnancy, she worked at home for two weeks. After the two-week period of working at her home, she began a leave of absence due to her pregnancy. After the plaintiff's child was born, the plaintiff was ill and was unable to return to work, and she so informed Mr. Flaxman in a telephone conversation. About one week later, she called Mr. Flaxman back, indicated that she wanted to stay with her baby, and asked him whether it would be possible to hold her job open for the rest of the year. He told her that he could not hold the job open indefinitely but that she was a "terrific employee" and he would try to help her if she eventually were ready to return to work. When the plaintiff subsequently called Mr. Flaxman to return to work, he informed her that there was a hiring freeze at WTTW. During the following two weeks, the plaintiff made six job contacts by telephone or resume.

The Board affirmed the denial of benefits after incorporating the decision of referee Olson, who found that work remained available up to the point that the plaintiff indicated that she had no definite date for returning to work and that she wanted to remain home with her

child. The referee further found that plaintiff had not made a realistic search for work.

In reversing the Board's decision, the circuit court in effect held an improper trial *de novo* (see *Crabtree v. Illinois Department of Agriculture* (1989), 128 Ill. 2d 510, 517, 539 N.E.2d 1252), eliciting facts which were not disclosed during the administrative hearing. The Board has appealed.

■ In an unemployment insurance case, the Board is the trier of fact and its factual findings are treated as *prima facie* true and correct. (*Pearson v. Board of Review of Department of Employment Security* (1990), 194 Ill. App. 3d 1064, 1068, 551 N.E.2d 1021; *Jackson v. Board of Review of Department of Labor* (1985), 105 Ill. 2d 501, 510, 513, 475 N.E.2d 879; *Barron v. Ward* (1987), 165 Ill. App. 3d 653, 659, 517 N.E.2d 591; Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) Our function with respect to the Board's factual findings is to determine whether they were against the manifest weight of the evidence. *Jackson v. Board of Review*, 105 Ill. 2d at 513; *Finik v. Department of Employment Security* (1988), 171 Ill. App. 3d 125, 133, 524 N.E.2d 1148; *Mangan v. Bernardi* (1985), 131 Ill. App. 3d 1081, 1084, 477 N.E.2d 13.

■ Section 601(A) of the Unemployment Insurance Act states in part as follows:

> "An individual shall be ineligible for benefits for the week in which he has left work voluntarily without good cause attributable to the employing unit ***." (Ill. Rev. Stat. 1987, ch. 48, par. 431(A).)

Whether or not good cause attributable to the employing unit exists is generally a question of fact for the Board. (*Pearson v. Board of Review*, 194 Ill. App. 3d at 1068, 551 N.E.2d at 1023; *Farmers Insurance Exchange v. Department of Labor* (1989), 186 Ill. App. 3d 493, 501, 542 N.E.2d 538; *Finik v. Department of Employment Security*, 171 Ill. App. 3d at 132.) Good cause is " 'such cause [which] justifies an employee in voluntarily departing the ranks of the employed and in joining the ranks of the unemployed.' " (*Farmers Insurance Exchange v. Department of Labor*, 186 Ill. App. 3d at 501, quoting *Burke v. Board of Review, Department of Labor* (1985), 132 Ill. App. 3d 1094, 1101.) Good cause depends upon the plaintiff's "unique personal circumstances" and the reasonableness of her actions. *Farmers Insurance Exchange v. Department of Labor*, 186 Ill. App. 3d at 501.

The focus is upon the conduct of the employer and not the conduct of the employee when determining whether good cause for leaving is attributable to the employer. (*Pearson v. Board of Review*, 194

Ill. App. 3d at 1069, 551 N.E.2d at 1024.) The Board must examine the employer's conduct to determine whether the cause for leaving was attributable to the employer. (*Pearson v. Board of Review*, 194 Ill. App. 3d at 1070, 551 N.E.2d at 1024.) The employer need not have been at fault, and "[i]t is enough that the facts overwhelmingly establish that [the employer's] conduct caused the employment termination to occur"; it is sufficient if one cause or causal factor on the part of the employer caused the termination. (*Pearson v. Board of Review*, 194 Ill. App. 3d at 1070, 551 N.E.2d at 1025.) Maternity leave may or may not constitute a voluntary termination for good cause. See generally *Wimberly v. Labor & Industrial Relations Comm'n* (1987), 479 U.S. 511, 515, 93 L. Ed. 2d 909, 914, 107 S. Ct. 821, 824 (the Court observed in *dictum* that a State can deny unemployment insurance benefits to pregnant women if other claimants, who leave work for reasons not connected to work, are treated the same way).

■ In the case at bar, the evidence established that the plaintiff left work voluntarily for personal reasons unrelated to her employer. She remained home to care for her newborn baby. At that time, work was still available, and her employer's conduct was not causally connected to her termination. The subsequent imposition of a hiring freeze by the employer is irrelevant because the plaintiff already had voluntarily terminated her employment. Given these circumstances, the Board's factual finding that the plaintiff left work voluntarily without good cause attributable to the employing unit was consistent with the manifest weight of the evidence. In view of our conclusion that the plaintiff is disqualified from receiving benefits under section 601(A) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 431(A)), we need not address the question whether she also is disqualified under section 500(C) of the Act due to an inadequate search for work. Ill. Rev. Stat. 1987, ch. 48, par. 420(C).

The order of the circuit court is reversed.

Reversed.

JOHNSON and LINN, JJ., concur.