GEORGE HAWKINS, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY et al., Defendants-Appellees.

First District (3rd Division)   No. 1—93—1741

Opinion filed December 21, 1994.

James T. Derico, Jr., of Chicago, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Susan Frederick Rhodes, Assistant Attorney General, of counsel), for appellee Illinois Department of Employment Security.

Jonathan M. Andes, of Arlington Heights, for appellee Pace Suburban Bus Division of the RTA.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, George Hawkins, filed a complaint for administrative review seeking to reverse a decision by the Board of Review of the Department of Employment Security (Board) that he was ineligible to receive benefits because he left work voluntarily without good cause attributable to the employer. (Ill. Rev. Stat. 1991, ch. 48, par. 431(A) (now 820 ILCS 405/601(A) (West 1992)).) The circuit court affirmed the Board's decision, and the plaintiff has appealed, contending that the Board's decision was against the manifest weight of the evidence and contrary to the law.

Plaintiff was employed as a bus driver for Pace Suburban Bus

Division of the RTA (employer) for 14 years. In March of 1990, Pace informed its bus drivers that new Federal regulations required them to obtain a commercial driver's license (CDL) no later than April 1, 1992. A memorandum posted on March 14, 1990, stated that study materials were available from the employer, that the examination fee was $40 and that employees were allowed three attempts to pass the test.

Two months before the deadline, the employer posted a memorandum reminding bus drivers who had not yet obtained a CDL that this was a mandatory Federal requirement and that no extensions would be granted. Other postings informed drivers of test locations, facility hours and free test preparation classes.

On March 17, 1992, the employer sent plaintiff a letter stating that he was required by law to have a CDL by April 1, 1992, and that failure to obtain it would result in termination. The letter referred to a previous letter reminding him of the requirement. On April 2, 1992, plaintiff was informed that his employment was terminated because he failed to obtain a CDL.

Plaintiff filed a claim for unemployment insurance benefits, which the employer protested. The claim was denied, and the denial was affirmed upon reconsideration. Plaintiff then requested a hearing.

At the hearing, plaintiff testified that he earned $14.50 per hour as a bus driver. He stated that he first took the CDL examination on March 23, 1992, eight days before the deadline, and did not pass. Although he was aware of the requirement for two years prior to the deadline, he did not take the test earlier because it was difficult, expensive, administered at inconvenient locations and the employer would not give him a day off to take the test. He stated that although the test was administered at locations in Chicago, it was not given at the license facility closest to his home and he would have had to travel 15 or 20 miles on public transportation. Plaintiff acknowledged that he worked five days a week and received three weeks of vacation each year with an additional two floating holidays. He stated that he passed the CDL test on his third attempt on April 28, 1992.

The employer's representative testified that only 7 or 8 employees out of the 1,000 Pace employees subject to the requirement failed to obtain the CDL by April 1, 1992. The test was given at several locations in Chicago and the suburbs, and training sessions were available through the employer and the union. Plaintiff did not attend the training sessions.

The hearing referee affirmed the denial of benefits, finding that:

> "Workers whose occupations require annual or periodic renewal
> of licenses in order to maintain their employment have the

responsibility of maintaining current validity of such license, and a failure to maintain a license that results in a loss of employment constitutes a voluntary leaving attributable to the employee and is disqualifying under section 601(A) of the Illinois Unemployment Insurance Act."

The Board affirmed the decision of the referee, and the circuit court affirmed the decision of the Board. Plaintiff has appealed, contending that the Board's decision was against the manifest weight of the evidence and contrary to law.

■ The purpose of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 300 *et seq.* (now 820 ILCS 405/100 *et seq.* (West 1992)) is to provide monetary benefits to persons who become involuntarily unemployed. (*Nichols v. Department of Employment Security* (1991), 218 Ill. App. 3d 803, 809, 578 N.E.2d 1121.) Its provisions are to be liberally construed. (*Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 72, 465 N.E.2d 576.) The Board is the trier of fact, and our function on review is to determine whether its fact findings are supported by the manifest weight of the evidence. (*Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 510, 475 N.E.2d 879.) This court is not bound by the Board's decision on a question of law. *Nichols*, 218 Ill. App. 3d at 809-10.

■ Section 601(A) of the Act states in part that "[a]n individual shall be ineligible for benefits for the week in which he has left work voluntarily without good cause attributable to the employing unit and, thereafter, until he has become reemployed." (Ill. Rev. Stat. 1991, ch. 48, par. 431(A) (now 820 ILCS 405/601(A) (West 1992)).) A person's intent in leaving a job is to be garnered from the totality of the evidence. (*Dunn v. Director, Department of Labor* (1985), 131 Ill. App. 3d 171, 174, 476 N.E.2d 77.) Whether or not good cause attributable to the employing unit exists is generally a question of fact for the Board. (*Grant v. Board of Review* (1990), 200 Ill. App. 3d 732, 734, 558 N.E.2d 438.) Good cause has been defined as "such cause [which] justifies an employee in voluntarily departing the ranks of the employed and in joining the ranks of the unemployed." (*Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1101, 477 N.E.2d 1351, 1357.) Good cause depends upon a person's unique personal circumstances and the reasonableness of his actions. *Grant*, 200 Ill. App. 3d at 734.

Plaintiff first argues that in order to be found ineligible for unemployment insurance benefits, it must be established that the job he voluntarily left remained open to him. (*Kartridg-Pak Co. v. Johnston* (1963), 28 Ill. 2d 616, 192 N.E.2d 867.) He maintains that because the job required a CDL after April 1, 1992, and he did not

have one, the job no longer remained open to him. The Board responds that the plaintiff's failure to obtain the CDL constituted a voluntary leaving attributable to him which disqualified him from receiving benefits under the Act.

We find plaintiff's reliance on *Kartridg-Pak* to be misplaced. There, the plant at which plaintiff worked was shut down and the employer made only vague references to the possibility of employment at another plant. Applying a different section of the Act, the supreme court affirmed the Board's decision that the claimant did not fail "to accept suitable work when offered him." (Ill. Rev. Stat. 1991, ch. 48, par. 433 (now 820 ILCS 405/603 (West 1992)).) *Kartridg-Pak* has no application to the case at bar.

■ Essentially, plaintiff's argument here is that his failure to obtain the required license was based on circumstances beyond his control and cannot properly be attributed to him. He argues that the test was difficult, the employer would not give him time off to take it and that it was administered at inconvenient locations. Even if we were to accept plaintiff's assertion that the test was difficult, the record clearly shows that his failure to obtain the required license prior to the deadline was attributable to his own inaction rather than an inability to pass the test. Although he was aware of the requirement two years prior to the April 1, 1992, deadline, plaintiff made no effort to take the test until approximately one week prior to that date. He failed the first two attempts, but passed the test on his third try less than one month after the deadline passed.

These facts do not support plaintiff's claim that he was unable to obtain the CDL because the test was too difficult. Rather, the record indicates that plaintiff failed to make a reasonable effort to take the test in time to meet the licensing requirement. It shows that test preparation classes were given by both the employer and the union, there were several testing locations, and plaintiff had ample vacation time and other days off in which to take the test. Under these circumstances, the Board's determination that plaintiff voluntarily left his job without good cause attributable to the employer is not against the manifest weight of the evidence.

Plaintiff then argues that the CDL requirement constituted a substantial, unilateral change in the employment which left the job unsuitable for him and entitled him to benefits even if he left the job voluntarily. He cites *Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 465 N.E.2d 576, to support his position.

In *Davis*, a teacher hired to set up a preschool program quit when funding cuts required her to work instead with emotionally disturbed children, a job she was not trained to do. The court held

that this was a substantial, unilateral change in the employment attributable to the employer which constituted "good cause" for leaving within the meaning of the Act.

We find *Davis* distinguishable from the instant cause. Here, there was no change whatsoever in the nature of the employment. Plaintiff's lack of qualification for continued employment resulted from his own inaction in failing to obtain a CDL rather than from any action attributable to the employer.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

RIZZI and GREIMAN, JJ., concur.