SECOND DIVISION

November 26, 2002

No. 1-01-2422

STEEVY J. HORTON,                       ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County

       )

v. )

             )

THE DEPARTMENT OF EMPLOYMENT SECURITY; )

DIRECTOR, THE DEPARTMENT OF EMPLOYMENT )

SECURITY; THE BOARD OF REVIEW OF THE )

DEPARTMENT OF EMPLOYMENT SECURITY, ) Honorable    

) John A. Ward,

Defendants-Appellants. ) Judge Presiding.

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff Steevy J. Horton filed a complaint for administrative review seeking to reverse a decision by the Board of Review of the Department of Employment Security (Board) that he was ineligible to receive unemployment compensation benefits because he voluntarily left work without good cause attributable to his employer.  820 ILCS 405/601(A) (West 2000).  The circuit court reversed the Board's decision, and the Board appealed, contending that its decision followed plaintiff's failure to maintain his driver's license, which resulted in a constructive voluntary leaving without good cause attributable to his employer.

In 1996, plaintiff began working as a service agent for Avis Rent-A-Car (Avis).  Avis and the Teamster's union had a collective bargaining agreement which, in part stated:

"As a condition of employment, employee must have a valid driver's license.  Employees who have their driver's license suspended and/or revoked will immediately report this status to the company prior to starting work, failure to do so will result in immediate termination of employment.  Employees who do inform the company will be given a 30 day leave of absence to secure a valid driver's license (this language is applicable to all employees driving vehicles as part of their duties)."

In 1999, plaintiff received citations for three traffic violations.  Pursuant to section 6-206(a)(2) of the Illinois Vehicle Code, plaintiff's driver's license was suspended for three offenses committed within a 12-month period.  625 ILCS 5/6-206(a)(2) (West 2000).  Notice of the suspension, effective July 25, 2000, was mailed to plaintiff at a 3110 West Fulton address.

On September 13, 2000, plaintiff was discharged from Avis.  A letter memorializing his termination stated that the reason for the discharge was plaintiff's failure to notify his employer of the suspension, a direct violation of the collective bargaining agreement.

On September 18, 2000, plaintiff filed for unemployment benefits.  He indicated that he was discharged for failure to notify his employer of his license suspension.  Plaintiff was aware that his employer required notification of license suspensions, but he stated that he had not been notified of his suspension.

On October 7, 2000, a claims adjudicator found plaintiff ineligible for benefits, because he was discharged for violating a "known and reasonable company rule."  Plaintiff was denied benefits under section 602(A) of the Illinois Unemployment Insurance Act (Act), which provides:

"An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with his work and, thereafter ***. *** For purposes of this subsection, the term 'misconduct' means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit."  820 ILCS 405/602(A) (West 2000).

Plaintiff appealed the adjudicator's decision and received a hearing before a referee on November 2, 2000.  At the hearing, plaintiff testified that he did not know his license had been suspended until his employer informed him of this fact on the day he was discharged.  Plaintiff testified that he had three moving violations, but he was not aware that three tickets in one year caused his license to be suspended.  He did not know of the suspension because he had moved and the notice of suspension was delivered to his former address.  Plaintiff did not notify the Secretary of State that he no longer lived at the address listed on his driver's license.  However, he did obtain a State identification card on September 16, 1999, which listed his current address.  Plaintiff also stated that he filed a change of address form with the United States Postal Service in January 2000.  He admitted he knew a valid driver's license was required for employment.

David Hertowski testified on behalf of Avis.  Hertowski explained that allowing employees to drive company vehicles with suspended licenses put the company at risk.  According to Hertowski, a grievance hearing took place on October 10, 2000, at which time plaintiff failed to produce evidence that he had a valid license from July 25 to September 13.

The referee upheld the denial of benefits but determined that section 602(A) of the Act did not apply.  The referee's decision stated, "Claimant did not intend to violate the rule that provided a worker must notify the company of [his] driver's license's suspension.  His wanton and wilful misconduct is not established.  He was not discharged and the misconduct disqualification is not applicable to this claim."

Rather, the referee denied plaintiff benefits under section 601A of the Act, which provides: "An individual shall be ineligible for benefits *** [if] he has left work voluntarily without good cause attributable to the employing unit ***."  820 ILCS 405/601(A) (West 2000).  She reasoned that there were no unilateral changes in the nature of plaintiff's work, and that his disqualification for the job was solely his responsibility.

Plaintiff appealed to the Board, which issued a decision affirming the referee, finding that plaintiff voluntarily left work without good cause attributable to his employer.  The circuit court reversed the Board's decision on administrative review, and the Board has appealed.

In cases involving a claim for unemployment insurance, the Board is the trier of fact, and its findings of fact are considered 
prima
 
facie
 true and correct.  
Caterpillar, Inc. v. Department of Employment Security
, 313 Ill. App. 3d 645, 653 (2000).  A court conducting administrative review will not reweigh the evidence or substitute its judgment for that of the agency.  
City of Belvidere v. Illinois State Labor Relations Board
, 181 Ill. 2d 191, 205 (1998).

Plaintiff maintains that the Board's decision presents a question of law and is subject to 
de
 
novo
 review, while the Board maintains that this case presents a mixed question of law and fact to which the more deferential "clearly erroneous" standard of review applies.  The examination of the legal effect of a given set of facts is a mixed question of law and fact.  
AFM Messenger Service, Inc. v. Department of Employment Security
, 198 Ill. 2d 380, 391 (2001).  The issue in a mixed question of law and fact is "whether the rule of law as applied to the established facts is or is not violated."  
AFM Messenger
, 198 Ill. 2d at 391.

In the present case, the Board's decision presents a mixed question of law and fact.  Its decision is, in part, factual because it involves considering whether the facts support the agency's findings that plaintiff was not discharged and did not engage in misconduct.  
AFM Messenger
, 198 Ill. 2d at 392.  Also, the Board's decision concerns a question of law because "discharge," "constructive voluntary leaving," and "misconduct" are legal terms and concepts requiring interpretation.  
AFM Messenger
, 198 Ill. 2d at 392.  "[W]hen the decision of an administrative agency presents a mixed question of law and fact, the agency decision will be deemed 'clearly erroneous' only where the reviewing court, on the entire record, is 'left with the definite and firm conviction that a mistake has been committed.'"  
AFM Messenger
, 198 Ill. 2d at 395, quoting 
United States v. United States Gypsum Co.
, 333 U.S. 364, 395, 92 L.Ed. 746, 766, 68 S.Ct. 525, 542 (1948).  

The Board found that plaintiff was solely responsible for his termination and that his actions amounted to a constructive voluntary leaving without good cause attributable to his employer.  The Board asserts that the constructive voluntary leaving case 
Hawkins v. Department of Employment Security
, 268 Ill. App. 3d 927 (1994), is controlling.  The plaintiff in that case was a bus driver who was terminated for failing to obtain a commercial driver's license by the date required by his employer.  In 
Hawkins
, we upheld the Board's denial of benefits, concluding that the plaintiff's failure to obtain the required license was attributable to his own inaction.  We reasoned that the Board's finding that the plaintiff voluntarily left his job was supported by the record.  
Hawkins
 noted that the purpose of the Unemployment Insurance Act is to provide monetary benefits to persons who become involuntarily unemployed, but that an employee's discharge resulting from his failure to obtain a required license stems from his own inaction rather than any action attributable to the employer.  
Hawkins
, 268 Ill. App. 3d at 930-31.  Likewise, in this case,  plaintiff's failure to maintain a valid driver's license rendered him unable to meet a necessary condition of his employment.  As plaintiff voluntarily left his job without good cause attributable to his employer, he is ineligible for unemployment insurance benefits.  
Hawkins
, 268 Ill. App. 3d at 930.

Plaintiff relies on 
Arroyo v. Doherty
, 296 Ill. App. 3d 839 (1998), to support his argument that his termination was involuntary, and he is thus entitled to unemployment insurance benefits.  In 
Arroyo
, the plaintiff was terminated after she did not report to work for six weeks.  Plaintiff relies upon 
Arroyo
 to support his contention that where an employee is terminated, there can never be a determination that his actions constituted constructive voluntary leaving.  However, in 
Arroyo
, the plaintiff was terminated for prolonged medical absence, a specific "good cause" exception to section 601(A).  
Arroyo
, 296 Ill. App. 3d at 845-46; 820 ILCS 405/601(B)(1) (West 2000).  She never did anything to disqualify herself from continued employment, and therefore, the court did not discuss the theory of constructive voluntary leaving.

Plaintiff contends that even if his separation from work is a voluntary constructive leave, it is attributable to his employer.  He cites to the Teamster's contract and asserts that Avis was contractually obligated to provide him a 30-day absence to secure a valid driver's license.  However, Avis was only required to do so in the event that its employee immediately notified the company of a suspension prior to reporting to work.  The contract plainly states, "failure to [immediately report status of suspended license] will result in immediate termination of employment."  Therefore, plaintiff's reliance on that provision is unavailing.

Accordingly, we reverse the decision of the circuit court and reinstate the order of the Board.

Circuit court reversed, Board decision reinstated.

CERDA and CAHILL, JJ., concur.