2019 IL App (1st) 190084-U
No. 1-19-0084
Order filed December 2, 2019

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(c)(2).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TIARA BEECHAM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 18 CH 6892 |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) | |
| and JAMES T. DIMAS, SECRETARY, ILLINOIS | ) | Honorable |
| DEPARTMENT OF HUMAN SERVICES, | ) | Thomas R. Allen, |
| | ) | Judge, presiding. |
| Defendants-Appellants. | ) | |

JUSTICE HYMAN delivered the judgment of the court.
Justices Pierce and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed where the Department's finding of an overpayment of benefits was barred by the doctrines of *res judicata* and collateral estoppel.

¶ 2    The Illinois Department of Human Services notified Tiara Beecham she had been overpaid $2,226 in Temporary Assistance to Needy Families (TANF) benefits. Beecham appealed. A hearing officer found the Department failed to present enough evidence of overpayment. The Department issued a final administrative decision that the overpayment was not upheld. Beecham thought the matter resolved but continued to receive notices from the Department of overpayment.

Again, she appealed. After another administrative hearing, the hearing officer found that Beecham was overpaid. The Department adopted the hearing officer's findings of fact and issued a final administrative order upholding the overpayment.

¶ 3    Beecham sought *pro se* administrative review in the trial court, which reversed, finding the Department's decision as against the manifest weight of the evidence. The Department argues it is undisputed that Beecham was overpaid and thus, the hearing officer's finding was not against the manifest weight. But the Department had already issued a final administrative decision finding the overpayment could not be upheld, so we dismiss the appeal under the doctrines of *res judicata* and collateral estoppel.

¶ 4                                  Background

¶ 5    Beecham received TANF benefits from 2011 until February 2014. In June 2017, the Department sent Beecham a letter notifying her that its Bureau of Collections (BOC) determined she had been overpaid $2,226 in TANF benefits from August 2013 through February 2014. The Department contended the overpayment was due to "client error," namely that Beecham had failed to report she was receiving income in an amount that disqualified her from the benefits. Beecham appealed. During a telephone hearing, Beecham testified she was not sure if she received an overpayment of benefits. A representative from the Department's Family Community Resource Center (FCRC) testified she had not received documents regarding Beecham's overpayment that had been requested from the BOC.

¶ 6    The hearing officer found that the BOC's decision to charge Beecham with overpayment of TANF benefits could not be upheld as she could not determine how the BOC had calculated the overpayment. The Department adopted the hearing officer's finding and issued a final administrative decision on September 27, 2017. Without reference to any statute, rule, or

regulation, the decision stated, "nothing in this decision prevents BOC from recalculating the overpayment and sending out a new notice, so long as it is consistent with the finding and conclusions in this decision."

¶ 7    The BOC sent a second notice of overpayment to Beecham on October 11, 2017, which included the same allegations as the first notice. Beecham tried to appeal. According to Beecham, she was initially advised she did not need to file an appeal due to the September 27 final administrative decision. When the notices continued, she tried to file an appeal with the Department's office in Champaign, but was advised she needed to file the appeal in the Melrose Park office. That office told her she could not file the appeal there and, according to Beecham, forced her to sign an appeal withdrawal agreement. Confused as to the status of the overpayment matter, Beecham eventually filed a complaint in the circuit court seeking resolution (*Tiara Beecham v. Department of Human Services*, 17 CH 17155). This case was not part of the appeal.

¶ 8    A hearing on the October notice of overpayment was held on January 25, 2018. The hearing officer found that the overpayment finding could not be upheld because the notice had been sent to the wrong address and remanded to the FCRC to "issue sufficient notice relating to the subject overpayment." The Department issued another final administrative decision stating that the overpayment finding could not be upheld.

¶ 9    The Department sent a third notice of overpayment in February 2018, repeating the allegations from the earlier notices. Beecham again appealed. An administrative hearing was held by phone with a hearing officer. The Department was represented by Gloria Roldan-Klado, who testified that Beecham had failed to report income that precluded her from receiving TANF benefits. The Department submitted numerous exhibits including documents showing Beecham was employed and receiving income during the relevant seven months.

¶ 10    The hearing officer upheld the BOC's decision that Beecham had received an overpayment of $2,226 in TANF benefits. He found that Beecham received employment income that she did not report to the Department and improperly received $318 in benefits per month from August 2013 through February 2014. The Department issued a final administrative decision adopting the hearing officer's overpayment finding.

¶ 11    Beecham filed a *pro se* complaint for administrative review in the circuit court, which reversed, finding that hearing officer's decision, adopted by the Department, was against the manifest weight of the evidence.

¶ 12                              Analysis

¶ 13    In an appeal from an administrative review proceeding, this court reviews the decision of the agency, rather than that of the circuit court. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 22. As the trier of fact, the agency's factual findings and conclusions are given deference and held to be "*prima facie* true and correct." 735 ILCS 5/3-110 (West 2016); *Horton v. Department of Employment Security*, 335 Ill. App. 3d 537, 540 (2002). We will not reweigh the evidence or substitute its judgment for the agency's. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205 (1998).

¶ 14    Were we reviewing the Department's May 2018 factual findings and conclusions, we would give them the requisite deference. But the Department was precluded from relitigating the overpayment matter under the doctrines of *res judicata* and collateral estoppel, and so we must dismiss.

¶ 15    Principles of res judicata and collateral estoppel are applicable not only to the parties in courts of law, but also in administrative tribunals and agency hearings. "Both *res judicata* and collateral estoppel apply to administrative decisions that are adjudicatory, judicial, or quasi-

judicial in nature." *Bagnola v. SmithKline Beecham Clinical Laboratories*, 333 Ill. App. 3d 711, 717 (2002). The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to later action between the same parties or their privies involving the same claim, demand, or cause of action. For the doctrine to apply, three requirements must be met: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of parties or their privies. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001). The bar extends to all matters that were offered to sustain or defeat the claim in the first action, as well as all matters that could have been offered for that purpose. *Nowak*, 197 Ill. 2d at 389; *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998).

¶ 16    "Collateral estoppel has a more limited preclusive effect and may be applied when the issue decided in the prior adjudication is identical with the issue in the current action, there was a final judgment on the merits in the prior adjudication and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication." *Bagnola*, 333 Ill. App. 3d at 717. Both r*es judicata* and collateral estoppel promote judicial economy by preventing repetitive litigation and protecting parties from being forced to bear the unjust burden of relitigating essentially the same case. *River Park*, 184 Ill. 2d at 319; *DuPage Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77 (2001).

¶ 17    This appeal fits squarely within both doctrines because the Department rendered a final administrative order finding that the overpayment could not be upheld due to lack of evidence. The subject matter of that decision is identical to the subject matter of the claim now before us, and the parties are identical. Moreover, as noted, the *res judicata* bar extends to all matters that were offered to sustain or defeat the claim in the first action, as well as all matters that could have

been offered for that purpose. *Nowak*, 197 Ill. 2d 381, 389 (2001). Thus, we hold the Department barred from raising any matters it could have raised in the initial administrative hearing.

¶ 18    The Department does not address whether the doctrines of *res judicata* or collateral estoppel preclude it from continuing to pursue the matter after it issued a final administrative decision in Beecham's favor. The Department asserts only that because the September 2017 prior final administrative decision stated that the BOC could send out a new notice of overpayment, Beecham was on notice it would likely continue to pursue the matter and thus, she cannot argue she was denied due process. This contention, however, appears in a single sentence and without supporting argument. Mere contentions, without argument or citation of authority, do not merit consideration and are waived. *First National Bank of LaGrange v. Lowery*, 375 Ill. App. 3d 181, 208 (2007). Despite the order's language, Beecham thought the initial final administrative decision put an end to the matter and was confused when she continued to receive overpayment notices. Regardless, her subjective knowledge is irrelevant to whether *res judicata* and collateral estoppel apply. Because they do, the Department was precluded from filing the February 2018 notice of overpayment and holding a hearing on its merits. Therefore, we dismiss the appeal.

¶ 19    Based on our decision, we need not address the Department's other arguments.

¶ 20    Appeal dismissed.