2022 IL App (1st) 210475
No. 1-21-0475 and 1-21-0504 (cons.)
Opinion filed June 29, 2022

THIRD DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| CALVIN CRAIG, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 2020-L-050083 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT | ) | The Honorable |
| SECURITY, THE DIRECTOR OF | ) | Daniel P. Duffy, |
| EMPLOYMENT SECURITY, THE BOARD | ) | Judge, presiding. |
| OF REVIEW OF THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY, and UNITED | ) | |
| AIRLINES, INC., c/o UC Advantage Gracie | ) | |
| Alexander, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices McBride and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Calvin Craig, filed for unemployment benefits, pursuant to the Unemployment

Insurance Act (Act) (820 ILCS 405/100 *et seq.* (West 2020)), with defendant, the Illinois

Department of Employment Security (IDES), after termination of his employment by

defendant United Airlines, Inc. (United). United filed a protest, claiming that plaintiff was

ineligible for benefits because he had been terminated due to misconduct under section 602A

of the Act (820 ILCS 405/602A (West 2020) (Section 602A)). IDES denied plaintiff's

application for benefits. Plaintiff appealed the decision. After a hearing by a referee over the phone, the referee affirmed the decision of the claims adjudicator. Plaintiff appealed the decision to the IDES Board of Review (Board), which affirmed the decision to deny him benefits. Plaintiff then filed a complaint for administrative review with the Circuit Court of Cook County. The trial court reversed the administrative decision and found that United did not satisfy the elements necessary to establish that the conduct of plaintiff that led to his termination constituted misconduct as defined in the Act. Thus, the Board's decision to deny plaintiff's application for unemployment benefits was in error. 820 ILCS 405/602A (West 2020).

¶ 2        On this direct appeal, both defendants claim that the Board's decision was not clearly erroneous because plaintiff's conduct, for which his employment was terminated, constituted misconduct under Section 602A.

¶ 3        We agree and reverse the decision of the circuit court of Cook County.

¶ 4                              BACKGROUND

¶ 5        Since there is no set of facts alleged by the *pro se* plaintiff in his brief, we will recount the facts relevant to this appeal according to the trial court's summary of facts, which plaintiff has recited in adopting the trial court's order as his appellant brief. Where the trial court's summary is insufficient or incomplete, we will indicate from where we have found the facts that we have generated.

¶ 6        On July 25, 2019,[1] plaintiff tripped on the sidewalk outside Terminal 5 at O'Hare International Airport and fell, injuring himself, while performing his duties as a lead branch serviceman with United. Because he was injured in the fall and requested medical attention,

---

[1]This date is given in the Board's written administrative decision.

United's policies subjected the plaintiff to a drug test. Five days later, United informed plaintiff that his drug test showed a positive result for cocaine in his blood. An "investigatory review meeting" was conducted on August 27, 2019, at which plaintiff's union representative presented logs of plaintiff's attendance at a substance abuse center and multi-panel drug test results over a period of several dates, demonstrating that plaintiff maintained a drug-free state over a period of time after the accident and before the investigatory review meeting.[2]

¶ 7       On September 9, 2019, after 20 years with United, plaintiff was terminated in a letter citing violation of United's "Working Together Guidelines." According to the letter, those guidelines "insist on" a drug-free workplace. The letter further stated that plaintiff "failed to be a responsible corporate citizen and abide by all state, federal, and local laws." Plaintiff's last day of work was July 25, 2019, when he claimed he tripped.[3]

¶ 8       Plaintiff applied for unemployment benefits with IDES September 8, 2019.[4] In the process of applying for unemployment benefits, plaintiff filled out a "Misconduct Questionnaire" to provide details on the reason for his discharge from employment. On the questionnaire, plaintiff answered the question, "What reason were you given for the discharge?" with "[D]id not comply with company policies." Plaintiff answered the question: "Was there a company policy or rule concerning the last act/circumstance that caused your discharge?" with "Yes." Plaintiff answered the question, "What was the policy/rule or expected conduct/performance?" with "felled [sic] drug test." Plaintiff answered the question "Were you aware that you could be discharged for not complying with the rule or policy?" with "Yes." According to the claim adjudication summary for plaintiff's case, his claim was denied September 26, 2019.

---

[2]According to the termination letter plaintiff would subsequently receive on September 8, 2019.
[3]According to the Notice of Claim to Benefit Chargeable to Employer received by United.
[4]According to the Notice of Claim to Benefit Chargeable to Employer received by United.

¶ 9    Plaintiff appealed the decision and subsequently participated in an unemployment hearing by telephone with an administrative law judge (referred to as a referee) and representatives of United on October 18, 2019.[5] During the hearing, the referee established, by questioning plaintiff's supervisor, that United had a zero-tolerance drug policy, which was conveyed to employees during yearly training. The policy required drug testing based on reasonable suspicion (such as via visible impairment) or after any injury. A positive test would result in an employee's removal from service, pending an investigatory meeting, at which point termination might occur. The referee inquired of plaintiff's supervisor whether a violation of the policy was a safety issue that harmed United. The supervisor confirmed that statement, adding that plaintiff's job is dangerous and safety-sensitive. The referee's written decision affirmed the adjudicator's decision that plaintiff's actions constituted misconduct, and he was therefore not eligible for unemployment benefits.

¶ 10    According to a Notice of Pending Appeal, plaintiff appealed the referee's decision to the Board on October 25, 2019. The Board reviewed the evidence without any further hearings and affirmed the referee's decision. In explaining how the requisite elements to establish misconduct are satisfied by the facts of this case, the Board stated as follows:

"The claimant was discharged after he tested positive for cocaine during a post-injury drug test, which was issued pursuant to the employer's policy. The claimant admitted that he had used cocaine shortly before submitting to the test. In testing positive for cocaine or in having cocaine in his system in the workplace, the claimant violated the employer's reasonable rules or policies. This violation was within the claimant's ability to control or avoid. Such conduct harms the employer's interest in safety and in

─────────────────

[5]According to the transcript of the unemployment hearing.

maintaining a drug-free workplace. The claimant's decision to use cocaine was a 'deliberate' and 'willful' violation of the employer's policy so that it can be concluded that the claimant was discharged for 'misconduct connected with' the work as that term has been used in section 602A of the Act."

¶ 11    Plaintiff filed a *pro se* complaint for administrative review with the circuit court of Cook County on February 4, 2020. On April 9, 2021, the trial court entered an order reversing the administrative decision. The trial court found that the Board's finding that plaintiff violated a reasonable rule of his employer was without foundation in the record because United failed to meet its burden of production by failing to produce the rule or policy that plaintiff violated. The trial court further found that even if the Board had had an adequate foundation for its finding that a reasonable rule had been violated, the Board's findings of harm were in error. The trial court found that the Board's finding of harm to United's interest in safety was "speculative and without evidentiary support" and that the Board's finding of harm to United's interest in a drug-free workplace allowed harm to be established merely by showing violation of its drug policy, which, if accepted, would circumvent the requirement of showing harm altogether.

¶ 12    Defendant IDES filed a notice of appeal on April 27, 2021 and United filed a separate notice of appeal on May 3, 2021. This timely appeal followed.

¶ 13                              ANALYSIS

¶ 14                          I. Standard of Review

¶ 15    In an administrative review proceeding, this court reviews the Board's decision, not the trial court's decision. *Livingston v. Department of Employment Security*, 375 Ill. App. 3d 710, 714 (2007). The Board is the trier of fact, and its "purely factual findings are '*prima facie* true

and correct.' " *Livingston*, 375 Ill. App. 3d at 714 (quoting *Horton v. Department of Employment Security*, 335 Ill. App. 3d 537, 540 (2002), and citing 735 ILCS 5/3-110 (West 2004), and 820 ILCS 405/1100 (West 2004)). A court conducting administrative review will not reweigh the evidence or substitute its judgment for that of the administrative agency. *Horton*, 335 Ill. App. 3d at 540.

¶ 16    "The question of whether an employee was properly terminated for misconduct in connection with his work involves a mixed question of law and fact, to which we apply the clearly erroneous standard of review." *Hurst v. Department of Employment Security*, 393 Ill. App. 3d 323, 327 (2009). The Board's decision will be found "clearly erroneous" only where the reviewing court, on the entire record, is " 'left with the definite and firm conviction that a mistake has been committed.' " (Internal quotation marks omitted.) *Horton*, 335 Ill. App. 3d at 540-41 (quoting *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 395 (2001)).

¶ 17                          II. The Board's Finding of Misconduct

¶ 18    In the case at bar, the question before the agency, which we review, was not whether plaintiff's discharge was legal or reasonable, nor whether plaintiff's actions were reasonable or advisable, it was whether plaintiff was rendered ineligible for unemployment benefits because the conduct for which plaintiff was discharged from employment with United constitute misconduct as defined in Section 602A. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 25. Only the question of misconduct is before this court in this appeal.

¶ 19    The purpose of the Act is to relieve the economic insecurity and hardship caused by an involuntary loss of employment. 820 ILCS 405/100 (West 2020). The Act was enacted to

benefit persons who become unemployed through no fault of their own. *Messer & Stilp, Ltd. v. Department of Employment Security*, 392 Ill. App. 3d 849, 856 (2009). The Act is to be liberally construed to favor the awarding of benefits to accomplish its primary purpose of alleviating economic distress caused by involuntary unemployment. *Acevedo v. Department of Employment Security*, 324 Ill. App. 3d 768, 771 (2001). Receipt of unemployment benefits is conditioned on eligibility under the Act, and plaintiff has the burden of proving that he satisfies the eligibility requirements. *Childress v. Department of Employment Security*, 405 Ill. App. 3d 939, 943 (2010).

¶ 20    Under section 602, a discharged employee is ineligible for unemployment benefits if that employee was discharged for misconduct. Misconduct is defined as:

> "[T]he deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit."
> 820 ILCS 405/602A (West 2020).

¶ 21    To establish misconduct, three elements must be shown: (1) a deliberate and willful violation occurred, (2) the violation was of a reasonable rule or policy of the employing unit, governing the individual's behavior in the performance of his work, and (3) the employing unit was harmed or that the violation was repeated, despite a warning or other explicit instruction. *Garner v. Department of Employment Security*, 269 Ill. App. 3d 370, 374 (1995). All three elements must be shown to establish misconduct. Plaintiff does not dispute that the violation was willful and deliberate, so we address only the second and third elements.

¶ 22                              A. The Commonsense Exception

¶ 23 Prior to *Petrovic*, there existed a robust commonsense exception, allowing for a finding of misconduct without establishing the formal elements of misconduct, but only in the case of "acts of misconduct that are so serious and so commonly accepted as wrong that employers need not have rules covering them." (Internal quotation marks omitted.) *Petrovic*, 2016 IL 118562 ¶ 35. Petrovic abrogated this exception except in instances "where the employee's conduct would otherwise be illegal or constitute a *prima facie* intentional tort." *Petrovic*, 2016 IL 118562 ¶ 36. In the case at bar, neither the State nor United claim that plaintiff's behavior was a *prima facie* tort, but United asserts that the behavior was illegal and a violation of their company policy. Plaintiff does not dispute that using cocaine was illegal and a violation of the company policy. That act was outside of the workplace; however, United correctly cites *Eastham v. Housing Authority*, 2014 IL App (5th) 130209, ¶ 18, for the proposition that behavior outside the workplace can represent misconduct if there is sufficient nexus between that behavior and the workplace. United further cites to *McAllister v. Board of Review of the Department of Employment Security*, 263 Ill. App. 3d 207 (1994), which is factually similar to the case at bar. In *McAllister*, the terminated employee was found to be ineligible for unemployment benefits after he had used cocaine outside of the workplace and subsequently tested positive for cocaine during work hours in a safety-sensitive position. *McAllister*, 263 Ill. App. 3d at 213. While *Eastham* did not find that drug use outside the workplace always represented an activity with sufficient nexus with the workplace, it noted in *McAllister* that there is a sufficient nexus existing between a safety-sensitive job and drug use outside the workplace. *Eastham*, 2014 IL App 5th 130209 ¶ 23. Similarly, in the case at bar, plaintiff engaged in illegal activity with sufficient nexus with his workplace and thus engaged in misconduct. *Petrovic*, 2016 IL 118562 ¶ 36. The plaintiff

stated in the questionnaire that he did not comply with company policy, which demonstrates that he knew that the use of cocaine violated his company policy of zero tolerance. The plaintiff was asked in the questionnaire, "[W]as there a company policy or rule concerning the last act/circumstance that caused your discharge [?]" He answered, "yes," again showing that he had full knowledge that he violated the zero-tolerance drug policy of United. The plaintiff was further asked, "[W]ere you aware that you could be discharged for not complying with the rule or policy?" The plaintiff answered, "yes," again showing that he was aware that the use of the cocaine could result in his discharge. Further, the plaintiff admitted to using cocaine shortly before submitting to the drug test in which he tested positive for cocaine. We cannot say that the Board's decision that plaintiff was ineligible for unemployment benefits for conduct constituting misconduct under Section 602A of the Act was made in error. Thus, we affirm the Board's decision and reverse the decision of the circuit court of Cook County.

¶ 24                                                    CONCLUSION

¶ 25        The evidence in the case at bar showed that plaintiff engaged in illegal activity by using cocaine outside of his place of employment, which has a sufficient nexus between that behavior and the workplace, as he had a safety-sensitive job working on airplanes. We conclude that the Board was not in error when it decided that plaintiff was ineligible for unemployment benefits because plaintiff was terminated for conduct constituting misconduct under Section 602A of the Act. Accordingly, we affirm the Board's decision and reverse the decision of the circuit court of Cook County.

¶ 26        Affirmed.

2022 IL App (1st) 210475

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2020-L-050083; the Hon. Daniel P. Duffy, Judge, presiding. |
| **Attorneys for Appellant:** | Rachel S. Nevarez, Kelly N. Flavin, and Richard J. Leamy Jr., of Weidner & McAuliffe, Ltd., of Chicago, for appellant United Airlines, Inc.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Maura Forde O'Meara, Assistant Attorney General, of counsel), for other appellants. |
| **Attorneys for Appellee:** | Calvin Craig, of Country Club Hills, appellee *pro se*. |